IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,  Plaintiff  v.  BRITTNEY McTIER,  Defendant | ) ) ) ) ) ) ) ) ) | CASE NO.1:16CR00320-002  JUDGE DONALD C. NUGENT  SENTENCING MEMORANDUM |

Now comes Brittney McTier, defendant herein and reasserts her objections to the Final Presentence Report (PSR) and request the Court to sentence within the Stipulated Guideline Computations set forth in the Plea Agreement (Plea Agreement, Doc. # 126, and PageID # 619). Attached Brief incorporated as if fully rewritten herein.

Respectfully submitted,
*S/Wesley A. Dumas, Sr.*
Attorney for Defendant
Ohio Bar Reg. 0009004
815 Superior Ave. NE # 612
Cleveland, Ohio 44114
216-696-3833 tel.
baberuth3@sbcglobal.net

CERTIFICATE OF SERVICE

The Court herein was served via the Court's electronic filing system.

BRIEF IN SUPPORT OF SENTENCING MEMEORANDUM

Brittney McTier, defendant herein moves this Honorable Court for an Order granting a sentence of probation which is consistent with the stipulated guidelines in the Plea Agreement. The Plea Agreement projects a Total Offense Level of (7) seven in Zone A of the Sentencing Table with the suggestion of probation. The Final PSR incorrectly calculates the Total Offense Level which yields an inappropriate sentencing range of imprisonment. It adds a (3) three level increase in the Base Offense computation for production of an unauthorized access device or counterfeit access device and a (2) two level increase for Adjustment for Role in the Offense claiming that the defendant was an organizer, leader, manager, or supervisor which are improperly calculated and should be rejected by the Court. The additional five levels proposed in the Final PSR would increase the Total Offense Level to (12) and require a guideline imprisonment range of 10 to 16 months, a drastic departure from the parties' Plea Agreement.

In paragraph 21 of the Final PSR, the Probation Officer increases the Base Offense by (3) three levels and claims that the offense involved the **production of an unauthorized access device or counterfeit access device**. Initially, the defense believed that the computation increase was due to co-defendant Curtis Hinton's use of fraudulent identification to defraud creditors and objected to the application of the increase because it did not involve any relevant conduct associated with Ms. McTier. Upon a discussion of this issue with the Probation Officer and review of her final submission, it becomes clear that the object of this increase is the utilization of the check routing number from VDL described in paragraph 11 of the PSR and the Response by U.S. Probation Officer. This does not cure the defect in the Final PSR. Under the Application Notes two definitions are provided…. "Produce includes manufacture, design, alter, authenticate, duplicate, or assemble. Production includes manufacture, design, alteration, authentication, duplication, or assembly." The use of a routing number to secure funds does not fit the definition of produce and/or production and therefore the increase should not be applied.

Paragraph 24 of the Final PSR provides a (2) two level increase in the Total Offense Level due to an Adjustment for Role in the Offense, claiming that Ms. McTier was an organizer, leader, manager, or supervisor. *The apparent reason for this increase is found in the "opinion"*

***that the agent considered McTier as an organizer, by virtue of a limited one sentence description.*** The reality of the situation is probably more accurately described in paragraph (11) eleven of the Final PSR that (co-defendant) "Mattice directed McTier, and others to create fraudulent and/or counterfeit checks utilizing the check routing number from VDL. Mattice directed McTier to make fraudulent checks to others, including Pass, Hinton, and B.A., Z.H., J.F., and B.A.2."  In essence, Ms. McTier merely took marching orders from Mattice who directed the operation from his jail cell via the telephone as to the places and people who would receive and cash checks. Typing checks on the computer and distributing them was merely a ministerial duty placed upon her by the group's leader and mastermind. Her use of the computer did not constitute control over any conspiracy asset, but was merely a conduit to accomplish the directives of Mattice.

    The evidence of the alleged leadership role is at best, questionable and is inconsistent with the law. Although it speaks to the Government's standard, the level of proof for organizer, leader, manager, or supervisor is by a preponderance of the evidence, **U.S. v. Gonzales, 929 F. 2nd 213, 216 (6th Circuit 1919).** Further, to qualify for an adjustment...., the defendant must have been the organizer, leader, manager, or supervisor of one or more of the participants, **United States vs. Christian, 804 F. 3rd 819, 2015 U.S. App. LEXIS 18888, 2015 FED. App. 0259P (6th Circuit 2015).** Finally, the fact that Ms. McTier created and distributed checks does not warrant an increase..."this court has held that a sentence enhancement is appropriate under section 3B1.1 where a defendant has exerted control over at least one individual within a criminal organization, but not where the defendant has merely exercised control over the property, assets, or activities of the enterprise, **United States vs. Gort-DiDonato, 109 F.3rd 318, 321 (6th Circuit 1997).** Ultimately the leadership role must fail. The evidence of the alleged "leadership role" is primarily a feeling, hunch, and/or opinion of an agent, not grounded in facts or evidence. Secondly this position is not supported by facts raising to the level of a preponderance of the evidence and should be rejected by this Court.

    The parties worked diligently to reach a Plea Agreement which established a basis of the defendant's expectation of a sentence of probation by virtue of the agreed stipulated guidelines in the Plea Agreement. Although the Court clearly may exercise its independent

judgement and decide adverse to the parties, it is respectfully requested that the negotiated agreement arrived at by the Government and defendant be honored in the final judgement and a sentence of probation be granted.

Respectfully submitted,

*S/Wesley A. Dumas, Sr.*
Wesley A. Dumas, Sr., 0009004
Attorney for Defendant